UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 14-92 (PJS)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JAMES ALEX CESARIO II, )<br>)<br>Defendant. ) | GOVERNMENT'S SENTENCING MEMORANDUM |

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Benjamin Bejar, Assistant United States Attorney, hereby respectfully submits its position and memorandum on sentencing. For the various reasons contained herein, the United States recommends a sentence within the applicable advisory Guidelines range of 160 to 185 months' imprisonment.

**RELEVANT FACTS AND PROCEDURAL BACKGROUND**

The United States agrees with and incorporates by reference the facts from the "Offense Conduct" section of the PSR, ¶¶ 6–12.

On April 7, 2014, a United States grand jury returned a five-count Indictment, charging the defendant with two counts of being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) [Counts 1 and 3], two counts of possession with intent to distribute actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) [Counts 2 and 4], which carry a minimum-mandatory sentence of five years' and a maximum of 40 years' imprisonment, and one count of carrying and

possessing firearms during and in relation to, and in furtherance of, a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) [Count 5], which carries a minimum-mandatory consecutive sentence of 5 years' imprisonment. [ECF 1; PSR ¶¶ 1, 18, 102] The defendant was held in state custody from November 13, 2013 through April 16, 2014, when he was placed in federal custody pursuant to a federal warrant.[1] [ECF 27]

On August 14, 2014, the defendant appeared with his counsel and pleaded guilty to Count 2 and Count 5 of the Indictment, pursuant to an executed plea agreement filed with the Court. [PSR ¶¶ 1, 2; ECF 46, 47] On July 14, 2015, the United States Probation Office issued the final PSR, finding that the defendant's total offense level is 27 with a criminal history category of IV, resulting in an effective advisory Guidelines range of 160 to 185 months' imprisonment (including the minimum-mandatory consecutive term of 60 months required by Count 5).[2] [PSR ¶¶ 30, 54, 102, 103] The PSR's Guidelines calculations differed from the plea agreement's calculations of a total offense level of 27, criminal history category of III, and total range of 147 to 168 months' imprisonment. [PSR ¶¶ 3, 54, 105; ECF 47, ¶ 6.f]

## ARGUMENT

In following the sentencing methodology laid out by the Supreme Court, "a district court should begin all sentencing proceedings by correctly calculating the

---

[1] The PSR mistakenly notes that the defendant was transferred into federal custody on April 14, 2014. [PSR p. F.1]

[2] The calculated total offense level of 27 includes the two-level reduction contemplated by the Plea Agreement and implemented by the Sentencing Commission's amended Drug Quantity Table, which became effective on November 1, 2014. [PSR ¶¶ 3, 17]

applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007). "[A]fter giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Id.* at 49-50. Section 3553(a) requires the Court to consider a number of factors, including "the nature and circumstances of the offense," "the history and characteristics of the defendant," "the need for the sentence to reflect the seriousness of the offense," "the need for deterrence," "the need to protect the public from further crimes of the defendant," and "the need to avoid unwarranted disparities." 18 U.S.C. § 3553(a). But a district court is not required to provide a mechanical recitation of the Section 3553(a) factors and "has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." *United States v. San-Miguel*, 634 F.3d 471, 475-76 (8th Cir. 2011).

### A.   The Guidelines Calculations

The United States agrees with the calculated total offense level of 27 and criminal history category of IV in the PSR, resulting in an effective advisory Guidelines range of 160 to 185 months' imprisonment (including the 60-month mandatory consecutive term for Count 5). The United States advocates for a sentence within the advisory Guidelines range of 160 to 185 months' imprisonment as a sentence that is sufficient but not greater than necessary to comply with the purposes set forth in Section 3553(a)(2).

### B.    The 3553(a) Factors

A consideration of the 3553(a) factors warrants a sentence within the range of 160 to 185 months' imprisonment.

#### 1.    Nature and Circumstances of the Offense

The defendant pleaded guilty to possessing with intent to distribute 5 grams or more of actual methamphetamine arising from the seizure of 48.7 grams of 100% pure methamphetamine from a safe in the defendant's bedroom at his residence. The safe also contained over $6500 cash and two loaded .45-caliber magazines. Police also seized digital scales and a recently stolen, loaded .45-caliber semi-automatic pistol (bearing the defendant's DNA) from the defendant's residence. [PSR ¶ 10]  This evidence exemplified strong indicia of intent to distribute based on the methamphetamine's purity, the digital scales and other paraphernalia, the cash inside the bedroom safe, and the firearm—a common "tool of the trade" for illicit drug distributors. *See United States v. Payne*, 81 F.3d 759, 764 (8th Cir. 1996).

Undeterred, police again encountered the defendant four months later with a distributable quantity of methamphetamine (just over 26 grams of 96-percent pure methamphetamine), a digital scale, baggies, two loaded semiautomatic firearms, and several rounds of ammunition, including a loaded .45-caliber semiautomatic pistol, four loaded .45-caliber magazines, a disassembled .223-caliber semiautomatic assault rifle, and four fully loaded high-capacity .223-caliber magazines, all in the trunk of his registered vehicle. [PSR ¶ 11]  DNA profiles from the firearms again matched the defendant's DNA. [Id.]

During the change of plea colloquy and as part of the plea agreement, the defendant admitted that he knowingly carried the firearms in his car during and in relation to his possession with intent to distribute the methamphetamine and that he knowingly possessed the firearms in furtherance of his drug-trafficking crime for security and protection and to facilitate the intended distribution of the highly pure methamphetamine.  [ECF 47, ¶ 6.g]   In total, the defendant illegally possessed 3 semiautomatic firearms (one of which was stolen) and several rounds of ammunition, and nearly 75 grams of actual methamphetamine was seized by police and are attributable to the defendant.  [PSR ¶ 12]

2. History and Characteristics of the Defendant

The United States submits that the PSR accurately and adequately describes the defendant's criminal history, personal history, and characteristics.  The defendant has a lengthy, multi-state criminal history dating back to 1985 that consists of multiple prison incarcerations and 10 adult felony convictions, including second-degree attempted murder, weapons possession, controlled substance crimes, and fleeing police. Additionally, the defendant's criminal history includes receiving stolen property, first-degree forgery, and false information to police.  The defendant has at least three prior probation/parole violations, and his parole has previously been revoked.  According to the pretrial services bond report, the defendant also has a self-reported addiction and history of daily methamphetamine use, is unemployed, and has no permanent address. The PSR does not report anything materially significant about the defendant's upbringing or personal history with the exception of some troubled or strained parental relations.

      3.     Needs of Sentencing

A sentence within the range of 160 to 185 months is justified when one balances the Section 3553(a) factors. While the United States acknowledges that much of the defendant's serious criminal history is dated, the defendant knowingly engaged in trafficking of high-grade methamphetamine while armed (as a felon) with several loaded semiautomatic firearms (including a semiautomatic assault rifle)—a very dangerous combination that significantly contributes to violent crime throughout the district. On balance, a sentence within the range of 160 to 185 months would serve the needs of sentencing to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to avoid unwarranted sentencing disparities among defendants

## CONCLUSION

For all the foregoing reasons, the United States respectfully recommends that the Court impose a sentence that includes a term within the range of 160 to 185 months' imprisonment.

                                                Respectfully submitted,

Dated:  July 28, 2015                ANDREW M. LUGER
                                                United States Attorney

                                                 s/ *Benjamin Bejar*

                                               BY:  BENJAMIN BEJAR
                                               Assistant U.S. Attorney
                                               Attorney ID No. 351131