UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 14-CR-0092 (PJS/TNL) |
| | Case No. 16-CV-2742 (PJS) |
| Plaintiff, | |
| v. | ORDER |
| JAMES ALEX CESARIO, II, | |
| Defendant. | |

James Alex Cesario, II, pro se.

Defendant James Cesario pleaded guilty to one count of possession of methamphetamine with intent to distribute and one count of carrying firearms during and in relation to, and possessing firearms in furtherance of, a drug-trafficking crime. The Court sentenced Cesario to consecutive terms of 84 months for the drug-trafficking offense and 60 months for the firearms offense for a total sentence of 144 months' imprisonment. Cesario did not file an appeal.

This matter is before the Court on Cesario's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons that follow, the motion is denied. Because the record conclusively demonstrates that Cesario is not entitled to relief, no hearing is necessary. 28 U.S.C. § 2255(b); *Noe v. United States*, 601 F.3d 784, 792 (8th Cir. 2010).

Cesario brings his § 2255 motion under *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. *Johnson* applies retroactively on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016).

But Cesario was not convicted or sentenced under the ACCA. Nor was he found to be a career offender under the United States Sentencing Guidelines (which contain a similar residual clause). True, Cesario's firearms offense requires that he committed that offense during or in relation to, or in furtherance of, either a crime of violence or a drug-trafficking crime. 18 U.S.C. § 924(c)(1)(A). Even if one could argue that the statutory definition of "crime of violence" is void for vagueness under *Johnson*, however, that would not help Cesario.[1] Cesario pleaded guilty to carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a *drug-trafficking offense*, not a *crime of violence*. Hence, whether "crime of violence" is void for vagueness has nothing to do with Cesario's conviction or sentence.

For that reason, Cesario's § 2255 motion is denied.

---

[1]The residual clause in the definition of "crime of violence" differs in material respects from the residual clause that the Supreme Court found unconstitutionally vague in *Johnson*. *See* 18 U.S.C. § 924(c)(3)(B).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [ECF No. 72] is DENIED.

2. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  August 16, 2016             s/Patrick J. Schiltz
                                    Patrick J. Schiltz
                                    United States District Judge