UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 14-CR-0092 (PJS/TNL) |
| Plaintiff, | |
| v. | ORDER |
| JAMES ALEX CESARIO, II, | |
| Defendant. | |

Benjamin Bejar, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

James Alex Cesario, II, pro se.

Defendant James Alex Cesario, II is serving a 144-month sentence after pleading guilty to possessing with intent to distribute methamphetamine and possessing firearms in furtherance of a drug-trafficking crime. This matter is before the Court on Cesario's motion for release under 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 76. For the reasons that follow, Cesario's motion is denied.

Under § 3582(c)(1)(A)(i), a court may reduce a defendant's term of imprisonment if, "after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable," the court finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" The Sentencing Commission has issued U.S.S.G. § 1B1.13, a policy statement that governs motions

under § 3582(c)(1)(A). Section 1B1.13 was issued when the Bureau of Prisons had the sole authority to bring motions for release under § 3582(c)(1)(A). Unfortunately, § 1B1.13 has not been updated to reflect that, as a result of the 2018 First Step Act, defendants now have the ability to bring such motions directly.

This anomaly has given rise to a debate concerning whether and to what extent § 1B1.13 applies to motions filed by defendants, with several circuits recently holding that § 1B1.13 applies only to motions filed by the Bureau of Prisons, and not to motions filed by defendants on their own behalf. *See United States v. McGee*, 992 F.3d 1035, 1050 (10th Cir. 2021); *United States v. McCoy*, 981 F.3d 271, 280–84 (4th Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1108–11 (6th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020); *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020). *But see United States v. Bryant*, No. 19-14267, 2021 WL 1827158, at *13 (11th Cir. May 7, 2021). The Eighth Circuit has not yet addressed this issue. For reasons that this Court has explained at length in a prior order, this Court finds that "§ 1B1.13 does not apply to motions for compassionate release filed by defendants," but that "§ 1B1.13's definition of 'extraordinary and compelling' should be afforded substantial deference when a court considers compassionate-release motions filed by defendants." *United States v. Logan*, No. 97-CR-0099(3) (PJS/RLE), 2021 WL 1221481, at *4 (D. Minn. Apr. 1, 2021).

Cesario argues that there are several extraordinary and compelling reasons for his release:

First, Cesario is 56 years old and obese, placing him at somewhat higher risk of serious illness from COVID-19.[1] ECF No. 76-2 at 1, 6, 9. But courts in this district have found that defendants with similar conditions did not present extraordinary and compelling reasons for release. *See, e.g.*, *United States v. Milbrandt*, No. 15-CR-0155 (DWF/JSM), 2021 WL 147130, at *2 (D. Minn. Jan. 15, 2021) (collecting cases on obesity); *United States v. Garcia*, No. 10-CR-0275(2) (MJD), 2020 WL 5500455, at *2 (D. Minn. Sept. 11, 2020) (declining to release 51-year-old inmate with obesity). Moreover, three factors substantially reduce the risk posed by Cesario's age and obesity. First, Cesario received the first dose of the Moderna vaccine on March 31, 2021, and presumably has received the second dose by now. ECF No. 82 at 18. All evidence is that the Moderna

---

[1] Ctrs. for Disease Control and Prevention, *Medical Conditions*, (May 13, 2021) https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. Cesario also suffers from hyperlipidemia, benign hypertrophy of prostate, ADHD, depression, and pre-diabetes, and he had a sinus blockage in 2017. ECF No. 76-2 at 1, 6–8, 10, 12–15. None of these conditions are extraordinary and compelling, as they do not place him at higher risk of serious illness from COVID-19, and medical records indicate that they are being adequately managed. *See id.* Cesario notes that he stopped taking medication for his depression after the Bureau of Prisons stopped prescribing his preferred medication. But medical records show that healthcare workers attempted to find a suitable replacement, and there is no evidence that Cesario is unable to provide self-care due to his depression. *Id.* at 17–26; *see* § 1B1.13, cmt. n.1(A)(ii). Cesario says he also has a history of asthma, but his medical records are inconsistent, and none show that he currently has asthma. *Compare* ECF No. 76-2 at 1 (no history of asthma), *with id.* at 12 (history of asthma).

vaccine is very effective, and courts have found that a risk of serious complications from COVID-19 is not extraordinary and compelling when experienced by a vaccinated inmate. *See, e.g.*, *United States v. Giles*, No. 14-CR-0378(1) (ADM/LIB), 2021 WL 1737755, at *2–3 (D. Minn. May 3, 2021) (denying release when 50-year-old defendant with obesity, hypertension, hyperlipidemia, type 2 diabetes, sleep apnea, and gastro-esophageal reflux disease, was vaccinated and had recovered from COVID-19); *United States v. Singh*, No. 4:15-CR-00028-11, 2021 WL 928740, at *3–4 & n.36 (M.D. Pa. Mar. 11, 2021) (collecting cases and denying release despite the defendant's obesity and type 2 diabetes when he received the Moderna vaccine). Second, Cesario has already contracted and fully recovered from COVID-19, ECF No. 82 at 5–17, providing him with some degree of natural immunity,[2] *see Giles*, 2021 WL 1737755, at *3. And third, Cesario's facility of incarceration (the minimum-security satellite camp at FCI Oxford)

---

[2]Cesario cites *United States v. Sweet*, No. 07-20369, 2021 WL 1430836 (E.D. Mich. Apr. 15, 2021), *appeal docketed*, No. 21-1477 (6th Cir. May 11, 2021), in which the court granted release to a defendant who was vaccinated and already had COVID-19. *Sweet* is distinguishable, as the defendant was 73 years old and had chronic kidney disease, and his prior case of COVID-19 left him with atrial fibrillation. Cesario is much younger, and he has completely recovered from COVID-19. Cesario also cites *United States v. Benson*, No. 09-cr-0240-PWG, 2020 WL 7239983 (D. Md. Dec. 9, 2020), where the court granted release to a defendant with hypertension after he tested positive for COVID-19. Cesario does not have hypertension, and he no longer is positive for COVID-19. In any event, for the reasons stated in this order, this Court respectfully disagrees with the reasoning in *Benson*.

currently does not have a single active COVID-19 case, and the entire FCI Oxford facility has fully vaccinated 70 staff and 423 inmates.³

Nevertheless, Cesario says that he is at risk of reinfection, and he points to the existence of COVID-19 variants, the rapid spread of disease in prisons, and a study arguing that vaccines may be less effective in prisons. The Court recognizes, of course, that the Moderna vaccine is not 100 percent effective, which leaves a small chance that Cesario could be reinfected. *See United States v. Williams*, No. 16-CR-0251 (DWF/KMM), 2021 WL 1087692, at *4 (D. Minn. Mar. 22, 2021) (discussing efficacy of Moderna vaccine and declining to grant release based on fear of variants and reinfection). "But *every* prisoner runs a small risk of *lots* of serious medical conditions (including COVID-19)." *United States v. Rodriguez*, No. 15-CR-0254 (PJS/BRT), 2021 WL 1187149, at *2 (D. Minn. Mar. 30, 2021) (denying release when defendant with obesity was vaccinated and had already recovered from COVID-19). The small risk that Cesario will (1) be reinfected and (2) develop serious complications as a result of the reinfection is too remote to

---

³Fed. Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/index.jsp (last visited June 1, 2021). Cesario says that this data is inaccurate and objects to examining just a daily "snapshot" of COVID-19 cases. According to Cesario, the fact that 650 inmates and 75 staff at FCI Oxford have recovered from COVID-19 shows the facility's poor handling of the virus. But Cesario's argument, even if true, does not provide a particularized reason for Cesario's release. Moreover, courts have denied release even when a facility handled COVID-19 poorly. *See, e.g.*, *Milbrandt*, 2021 WL 147130, at *3 (recognizing the "grand failure of Waseca FCI to prevent and properly mitigate the spread of COVID-19" but still denying release).

warrant his release. *Id.*; *see also United States v. Jennings*, No. 17-CR-0264 (DWF/KMM), 2021 WL 827016, at *3 (D. Minn. Mar. 4, 2021) (declining to grant release based on fear of reinfection); *Milbrandt*, 2021 WL 147130, at *3 (declining to grant release based on obesity and risk of reinfection).

Cesario asserts that the Bureau of Prisons ("BOP") has handled the COVID-19 pandemic poorly, and he notes that the conditions at FCI Oxford fall short of guidelines issued by the Centers for Disease Control and Prevention. But neither the BOP's handling of the coronavirus, nor the conditions at FCI Oxford, are particularized reasons for *Cesario's* release. *See United States v. Johnson*, No. 98-CR-860(7) (ARR), 2021 WL 1207314, at *4 (E.D.N.Y. Mar. 31, 2021) (noting prison conditions impact all inmates).[4] And, again, there is not a single active COVID-19 infection at Cesario's facility.

Next, Cesario says that his parents are elderly and sick. ECF No. 76-4. But Cesario has not shown that his parents are incapacitated or that he is the only available caregiver for them. *Cf.* U.S.S.G. § 1B1.13, cmt. n.1(C)(ii); *Rodriguez*, 2021 WL 1187149,

---

[4]If Cesario wishes to challenge the conditions of his confinement, he must do so in a *Bivens* action filed in the federal district in which he is confined. *See United States v. Spencer*, No. 07-CR-0174(1) (JRT/JJG), 2021 WL 849565, at *1 n.1 (D. Minn. Mar. 5, 2021) (declining to consider constitutional claims in a § 3582 motion because they must be "made in a properly filed *Bivens* complaint"); *see also United States v. Howard*, No. 14-CR-99-1-JPS, 2021 WL 1515485, at *2 (E.D. Wis. Apr. 16, 2021); *United States v. Numann*, No. 3:16-cr-00065-TMB, 2020 WL 1977117, at *4 (D. Alaska Apr. 24, 2020).

at *3 (declining to release defendant based on family members' health conditions when they were not incapacitated, and defendant was not the only available caretaker).

Cesario also argues that he is rehabilitated. He points out that he has taken educational classes, completed drug-abuse treatment, and maintained a job. He also points out that he lives in a minimum-security facility and has a solid release plan. ECF Nos. 76-6, 76-10, 77, 89. These are all commendable developments, but they are expected of inmates and therefore are not extraordinary. *See Logan*, 2021 WL 1221481, at *7–8.

Finally, Cesario emphasizes that he has served about 70% of his sentence. This, too, is not an extraordinary and compelling reason for his release. *See United States v. Hill*, No. 10-CR-0324(3) (PJS/JSM), 2020 WL 7706990, at *2 (D. Minn. Dec. 29, 2020). In sum, none of Cesario's reasons for release—either alone or in combination—are extraordinary and compelling.

Even if Cesario had shown an extraordinary and compelling reason, the § 3553(a) factors would counsel against his release. Cesario was arrested in July 2013, and a gun and about 50 grams of pure methamphetamine were found in his residence. PSR ¶¶ 10–12. Just a few months following his arrest, he was arrested again—this time with a handgun, an assault rifle, several high-capacity magazines, and 26 grams of almost pure methamphetamine. *Id.* Cesario's offense conduct was, therefore, serious,

repeated, and undeterred by an initial arrest. In addition, Cesario has a lengthy criminal history with felony convictions for drug possession, gun possession, and attempted murder. *Id.* ¶¶ 34–52. Cesario has also done poorly while under court supervision. *Id.* ¶¶ 34, 36, 41, 43, 51. For these reasons, Cesario's 144-month sentence is necessary to reflect the seriousness of the crime and protect the public. *See* § 3553(a)(2).[5]

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendant's motion for release [ECF No. 76] is DENIED.

Dated: June 1, 2021   s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge

---

[5]Cesario also seeks the appointment of an attorney. ECF No. 76 at 1. His request is denied as moot.